UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Johnnie Marie Rogers, et al.,

Plaintiffs,

v.

Mission Farm Nursing Home, Inc.,

Defendant.

Civil No. 01-1093 JMR/FLN

**REPORT AND RECOMMENDATION**

---

Carolyn Guy, and Eric D. Satre, for Plaintiff.
Daniel G. Wilczek, and Holly M. Robbins, for Defendant.

---

## I. INTRODUCTION

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss Plaintiff Doris Kromah pursuant to Fed. R. Civ. P. 37 and 41 [#30]. For the reasons which follow, this Court will recommend that Defendant's Motion be granted.

## II. FACTUAL BACKGROUND

On June 15, 2001, a complaint was originally filed against Mission Farm Nursing Home ("MNH") (See Defs.' Mot. to Dismiss Pl. Doris Kromah at 1). The complaint was amended on July 2, 2001, to add Doris Kromah as a Plaintiff. (Id.) MNH served document requests and interrogatories on the Plaintiffs on September 17, 2001. (Id.) As a group, the Plaintiffs answered the interrogatories, but Kromah did not sign the answers to them because she was out of the



FILED JUL 23 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

country. (Id.) On March 26, 2002, this Court ordered that each Plaintiff must individually respond to the interrogatories. (Id.) Since the order, Kromah has failed to produce any signed answers to interrogatories. (Id.)

Kromah's unavailability has also prevented depositions from taking place. (Id. at 2). MNH provided notice of deposition to Kromah on several occasions and has attempted to schedule a time for her deposition to be taken. (Id.) Kromah has repeatedly been inaccessible due to her travels abroad. (Id.)

Despite Kromah's eventual return to the United States, Plaintiffs' attorney was unable to contact Kromah. (Id.) Plaintiffs' counsel discussed with defense counsel the option of voluntarily dismissing Kromah's claims if Kromah could not be reached. (Id.) Eventually Plaintiffs' counsel made contact with Kromah and she declined to dismiss her claims. (Id.) A meeting was arranged between Kromah and Plaintiffs' counsel so Kromah could sign the discovery responses, but Kromah failed to show up to the meeting. (Id.)

Defendant has now made a Motion to Dismiss Plaintiff Doris Kromah. (See Not. of Mot. to Dismiss Pl. Doris Kromah and Am. Not. of Mot. to Dismiss Pl. Doris Kromah). On June 13, 2002, Plaintiffs' counsel wrote a letter to Kromah indicating that counsel will not oppose Defendant's Motion to Dismiss Kromah's claim because Kromah has missed meetings and not returned numerous phone calls. (See Correspondence from Patrick M. Connor, Staff Attorney at Connor, Satre & Schaff, L.L.P., to Doris Kromah, June 13, 2002). In addition, all of counsel's attempts to help Kromah respond to Defendant's discovery request have been ignored. (Id.) Plaintiffs' counsel has not received any response to this correspondence, and therefore, does not

challenge the dismissal of Kromah's case. (Id.)

## III. CONCLUSIONS OF LAW

Defendant contends that Kromah failed to obey an order compelling discovery, so pursuant to Fed. R. Civ. P. 37 and 41 the Court should dismiss Kromah's claim. Under Rule 37, a dismissal "requires both a failure to comply with a discovery order and a showing of willfulness, bad faith, or fault." Allen v. Interstate Brands Corp., 186 F.R.D. 512, 514 (S.S. Ind. 1999) (citing Ladien v. Astrachan, 128 F.3d 1051, 1056 n.5 (7th Cir. 1997)). Rule 41 provides dismissal is appropriate when there exists a "clear record of delay, contumacious conduct, or prior failed sanctions." Allen, 186 F.R.D. at 514 (citing Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1177 (7th Cir. 1987)).

Throughout the discovery process Kromah has failed to participate in any way. She did not initially sign the Plaintiffs' answers to interrogatories because she was out of the country. Following an order by this Court directing each Plaintiff to individually respond to the interrogatories, Kromah again failed to produce signed answers to the interrogatories. When Defendant sought to depose Kromah, she was unavailable and the deposition had to be cancelled on numerous occasions. Kromah's deposition has still not taken place due to her unavailability.

Kromah's lack of participation is also evidenced through her sparse communication with Plaintiffs' counsel. Kromah has not only failed to keep Plaintiffs' counsel informed about her whereabouts and contact information, but Kromah failed to show up for a scheduled meeting with counsel so that she could sign her discovery responses. Shortly thereafter, Plaintiffs' counsel again attempted contact with Kromah informing her that a motion to dismiss her case had been

filed by Defendant, and due to Kromah's missed meetings and unreturned phone calls Plaintiffs' counsel was unable to provide any reasoned opposition to the motion. Plaintiffs' counsel informed Kromah that they interpret her silence in the matter as a desire to discontinue the lawsuit. Since this letter, Plaintiffs' counsel has not heard from Kromah to indicate otherwise.

While Kromah has not agreed to voluntarily dismiss her lawsuit, her actions have shown an ongoing pattern of non-response and an unwillingness to participate in the lawsuit. Kromah has yet to comply with this court's order to individually respond to Defendant's interrogatories, and she has failed to cooperate with taking her deposition. Kromah's inability to provide any discovery responses has stood as a road block in the discovery process and has caused great delay. This Court concludes that the foregoing conduct is sufficient to warrant dismissal of Plaintiff's claims in this case under Fed.R.Civ.P. 37 and 41. The Court recommends that Kromah's claim be dismissed.

## IV. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss Plaintiff Doris Kromah should be **GRANTED.**

DATED: July 22, 2002

Franklin L. Noel
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed

findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection in made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.